34

BUREAU OF UNEMPLOYMENT COMPENSATION, THE STATE OF
OHIO, *v.* CAUDILL.

[Cite as Bur. of Unemployment Compensation v. Caudill
(1971), 27 Ohio Misc. 34.]

(No. 51189—Decided February 15, 1971.)

Common Pleas Court of Scioto County.

*Mr. Eugene P. Everhart,* assistant attorney general,
and *Mr. L. R. McDowell,* for plaintiff.
*Mr. James C. Fitch,* for defendant.

MARSHALL, J. Plaintiff instituted this action to re-
cover from defendant the amount of money which the
Administrator of the Bureau of Unemployment Compensa-
tion found to be owing from him as an employer for contri-
butions to the fund. Defendant concedes that the finding
was made against him pursuant to R. C. 4141.27 and admits
that he has not made payment thereof. He contends, how-
ever, that the bureau is estopped from the prosecution of
this action. In support of this position his answer states
that "the findings were based upon compensation paid to
installers of aluminum products whom the Bureau of Un-
employment Compensation, on April 20, 1961, determined
to be free from control or direction of this defendant; that
defendant requested a reconsideration of the Bureau of
Unemployment Compensation's decision that these people
were not covered; that he forwarded his check to cover the

tax due on their payroll, which check was returned by plaintiff; that four of said installers were denied benefits based upon the decision of the Bureau of Unemployment Compensation that their employment with plaintiff (*defendant) was not covered; that the Bureau of Unemployment Compensation, on December 12, 1962, made a redetermination and found that the employment of the installers was covered employment for the years of 1960, 1961 and 1962; that plaintiff offered to pay the assessment for these years in full provided the installers would be covered in the future; and that he was advised by a representative of the plaintiff that such payment would take care of the years 1960, 1961 and 1962 but installers would not be covered in the future. Defendant further says that the plaintiff is estopped to now reconsider its prior decision after refusing defendant's repeated requests for coverage and denying said installers claims for compensation." (*"Plaintiff" should read "defendant.")

It was stipulated by the parties that the principal issue to be resolved is:

"Is the defendant barred from denying liability herein, by reason of his failure to exhaust the remedies provided by R. C. 4141.26 for review and appeal from the determination of the Administrator dated November 16, 1966 that he was an employer subject to the provisions of the Ohio Unemployment Compensation Law?"

The court finds that based upon information furnished by the defendant, a supervisor in plaintiff's status and liability section, by letter dated April 20, 1961, notified defendant that certain persons doing installation work for defendant, who was engaged in the business of selling aluminum products, were independent contractors and not covered employees. Thereafter, an investigation was made and on December 12, 1962, a formal determination was made and defendant was notified that he was an employer subject to the provisions of the Ohio Unemployment Compensation Law effective as of October 1, 1960; and assessments were made accordingly. By letter dated January 9, 1963, defendant appealed from that determination and re-

quested a review by the Administrator. The Administrator affirmed the determination and mailed a copy of his decision to the defendant on November 16, 1966. Defendant did not file an application for review of the decision with the Board of Review and made no effort to pursue the remedies provided by R. C. 4141.26. Because defendant failed to make payment, plaintiff filed this suit on July 5, 1967. It is regrettable that this case has been pending for such a long period of time, but apparently because of personnel changes, it was not presented to this court until January 6 of this year. The last brief was filed by counsel on February 10, 1971.

Despite the holding of the Court of Appeals of Mahoning County in the case of *Bureau* v. *Matteo*, 38 O. O. 2d 106, decided January 18, 1967, we must answer the question posed by the stipulated issue in the affirmative. R. C. 4141.26, as constituted in 1966, provided:

"The Administrator shall promptly examine the application for reconsideration and shall notify the employer of his reconsideration decision which shall become final unless within thirty days after mailing of such notice, the employer files an application for review of such decision with the Board of Review."

The section then sets forth in detail the steps necessary to have the matter reviewed by the courts. We believe that this court is bound by the doctrine that all administrative remedies provided by statute must be exhausted before a court can act.

We believe this conclusion is buttressed by the amendment to R. C. 4141.27 which became effective December 31, 1967. After providing that the administrator shall certify the amount owing by a stated employer to the attorney general who is to file suit thereon in court, the statute now provides:

"If upon final hearing of said cause it is determined that the defendant previously has been held liable as an employer to pay contributions pursuant to the provisions of R. C. 4141.26 which determination has become final in accordance with the provisions of such section. * * * the court shall render judgment against said defendant. * * *"

We think that this does not constitute a substantive change in the statute, but rather consists of an explicit spelling out of the intentions of the Legislature as to the conclusiveness of the proceedings set forth in R. C. 4141.26.

Although the foregoing disposes of the stipulated issue, the court further concludes that the matters set forth in opposition to plaintiff's claim do not constitute a valid defense.

"It is a well settled general rule that the state cannot be estopped in the assertion of its legal rights and claims because of the mistakes or omissions or wrongful acts of its officers and agents." 20 Ohio Jurisprudence 2d, p. 564.

There is no indication of any wrongdoing on the part of the plaintiff which defendant could claim operated to his detriment. There was no explanation given for the delay in the rendering of the administrator's redetermination decision, but neither is there any showing that the delay was prejudicial to the defendant.

Judgment is awarded to the plaintiff as prayed for, at defendant's costs.

*Judgment for plaintiff.*